# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN OMAR MARIN MOJARRO,<br><br>Defendant. | Case No. 1:11-CR-00354-(5)-LJO<br><br>ORDER VACATING PRIOR ORDER TO HOLD IN ABEYANCE DEFENDANT'S MOTION TO REDUCE SENTENCE AND REFERRING CASE TO FEDERAL DEFENDER'S OFFICE<br><br>(ECF Nos. 629, 640) |

On December 8, 2015, Defendant Jonathan Omar Marin Mojarro ("Mr. Mojarro") filed a *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 629), which the Court referred to the Federal Defender's Office ("FDO") on December 22, 2015 (ECF No. 630). On January 28, 2016, the FDO declined to supplement the motion (ECF No. 632), and the government filed its opposition on February 25, 2016 (ECF No. 635).

Because the Ninth Circuit granted *en banc* review of *United States v. Davis*, 795 F.3d 1188 (9th Cir. 2015) *United States v. Davis*, 776 F.3d 1088, 1090 (9th Cir.) *reh'g en banc granted, opinion vacated*, 795 F.3d 1188 (9th Cir. 2015), the resolution of which impacts the instant motion, on March 10, 2016, this Court rendered an Order (ECF No. 640) holding in abeyance petitioner's § 3582 motion pending the resolution of *Davis*.

Yesterday, the Ninth Circuit rendered its decision in *United States v. Davis*, --- F.3d ---, Case No. 12-30133 (June 13, 2016), holding that a defendant sentenced under an 11(c)(1)(C) agreement is eligible for relief under § 3582(c)(2) "because the district court's 'decision to accept the plea and impose the recommended sentence' was 'based on the Guidelines.'" *Id.* at 28 (quoting *Freeman v. United States*, 564 U.S. 522, 534 (2011) (plurality opinion). The Ninth Circuit emphasized that "Davis's Rule 11(c)(1)(C) plea agreement was clearly rooted in the Guidelines." *Id.* By explicitly overruling *United States v. Austin,* 676 F.3d 924 (9th Cir.2012), upon which the Government's opposition to the instant motion relies (*see* ECF No. 635), the circuit court fashions a new and

different rule applicable to this case. *See Davis*, --- F.3d ---, Case No. 12-30133 at 17 ("we overrule our holding in *Austin*," and "adopt the analysis of the D.C. Circuit") (citing *United States v. Epps*, 707 F.3d 337, 350 (D.C. Cir. 2013) (finding no common denominator in *Freeman*)).

Under *Davis*, Mr. Mojarro apparently no longer faces a bar to his eligibility for relief under § 3582(c)(2) based on the nature and content of his plea agreement, which was, like the plea agreement in *Davis*, offered to the Court under Federal Rule of Criminal Procedure 11(c)(1)(C) and "based on the Guidelines." *Davis*, --- F.3d ---, Case No. 12-30133 at 28 (quoting *Freeman*, 564 U.S. at 534). This is not dispositive, however. The parties have yet to address how the *Davis* holding, among other factors, specifically affects Mojarro's request for reduction. Also, the FDO previously filed a notice of non-supplementation of Defendant's motion, but this preceded *Davis*. *See* ECF No. 632. Given the changed circumstances, the Court finds appropriate a fresh referral and scheduling order in order to give the parties an opportunity to respond.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that the Court's Order (ECF No. 640) holding the case in abeyance is **VACATED**. **IT IS FURTHER ORDERED** that, pursuant to Eastern District of California General Order 546, the FDO is appointed to represent Defendant in this matter. The FDO **SHALL** have **90 days from the Ninth Circuit's mandate in *Davis***[1] to file a supplement to Defendant's pro se § 3582 Motion, or to notify the Court that it again does not intend to supplement to the motion. Thereafter, the government **SHALL** have **30 days from the date of the FDO's filing** to file a supplemental response to Defendant's § 3582 Motion.

IT IS SO ORDERED.

   Dated:   **June 14, 2016**          /s/ Lawrence J. O'Neill
                                       UNITED STATES CHIEF DISTRICT JUDGE

---

[1] Entry of judgment on *Davis* was made June 13, 2016, a mandate will issue on or before June 20, 2016 (*see* Fed. R. App. Proc. 41), and thereafter the parties have 90 days in which to petition for a writ of certiorari. *See* U.S. Sup. Ct. R. 13, 28 U.S.C. If *Davis* is timely appealed, this Court will again hold the instant motion in abeyance.