# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:11-CR-00354 LJO |
| Plaintiff, | |
| v. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| JONATHAN OMAR MARIN MOJARRO, | |
| Defendant. | |
| | (ECF No. 629) |

Before the Court is Defendant Jonathan Mojarro's ("Defendant" or "Mojarro") motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582") (ECF No. 629), in accordance with United States Sentencing Guidelines ("USSG") § 1B1.10(b)(1) and Amendment 782 to the USSG. Amendment 782 revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* USSG, sup. App'x C, amend. 782 (2014) ("Amendment 782"). The Government has opposed the motion on the basis that, although Defendant is eligible for a reduction under § 3582, his motion should be denied because he is still affiliated with a violent gang and has been found in possession of contraband while in custody. (*See* ECF Nos. 701, 717.) Upon a thorough review of the parties' briefing, the record in the case, including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court grants Defendant's motion and reduces his sentence to 145 months.

## I. BACKGROUND

On January 27, 2014, the parties filed a plea agreement with the Court in which Defendant Mojarro pled guilty to possessing methamphetamine with intent to distribute. (ECF Nos. 448, 450.) The agreement was pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1) and provided that both parties would recommend a sentence of 156 months. (*Id.*)

At Defendant's April 28, 2015 sentencing, the Court found a base offense level of 38 (based on the amount of methamphetamine involved the case), and a criminal history category of I (based on 1 criminal history point). Pursuant to §§ 3E1.1(a) and (b), Defendant qualified for a 3-level base offense reduction for accepting of responsibility, to an adjusted offense level of 35. The Guidelines range for a defendant with an offense level of 35 and a criminal history category I was 168 to 210 months imprisonment. At sentencing, the Court accepted the parties' plea agreement pursuant to Rule 11(c)(1) and sentenced the defendant to a term of 156 months in prison, a 60-month term of supervised release, and a $100 penalty assessment. (*See* ECF Nos. 553, 537.)

On December 8, 2015, Defendant filed a *pro se* motion for a reduction in sentence pursuant to § 3582, requesting that the Court reduce his sentence by two points in accordance with Amendment 782. (ECF No. 629.) Under the prevailing law in the Ninth Circuit at the time Defendant filed his motion, a defendant sentenced under plea agreement was eligible for a sentencing reduction under § 3582 only when the agreement *expressly used* a Guidelines sentencing range to establish the term of imprisonment or when it was evident from the agreement itself that a Guidelines sentencing range was used. *United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2012), *overruled by United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016).

The Court issued an order referring Defendant's case to the Federal Defender's Office ("FDO") pursuant to Eastern District of California General Order 546. (ECF No. 630.) On January 28, 2016, the FDO filed a Notice of Non-Supplementation. (ECF No. 632.) The Government filed an opposition to Defendant's motion on February 25, 2016. (ECF No. 635.)

On March 10, 2016, the Court issued an order holding Defendant's motion in abeyance pending the outcome of the Ninth Circuit's *en banc* review in *United States v. Davis*, which again raised the issue of when a defendant sentenced pursuant to a plea agreement is eligible for relief under § 3582. (ECF No. 640.) On June 13, 2016, the Ninth Circuit issued a ruling in *United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016). *Davis* explicitly overruled the Ninth Circuit's previous ruling in *United States v. Austin* and held that "[e]ven when a defendant enters into an 11(c)(1) agreement, the judge's decision to accept the plea and impose the recommended sentences is likely to be based

2

on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief." 825 F.3d at 1026 (citing *Freeman v. United States*, 564 U.S. 522, 534 (2011)).

In light of this change in the law, the Court vacated its order holding Defendant's motion in abeyance and again referred the case to the FDO. (ECF No. 650.) The FDO filed a Notice of Supplementation to Defendant's *pro se* motion on August 24, 2016. (ECF No. 682.) The Government filed a supplemental opposition on October 5, 2016 (ECF No. 701), to which Defendant responded on October 14, 2016 (ECF No. 707.) The Government requested permission to file a sur-reply (ECF No. 708), which this Court granted on October 19, 2016 (ECF No. 710). The Government filed a second supplemental opposition on November 4, 2016, (ECF No. 717) to which Defendant responded on November 12, 2016 (ECF No. 722). The matter is now ripe for review.

## II.   LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. *See* Amendment 782. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* USSG, sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d). In the event that one of

the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

## III.   DISCUSSION

The initial inquiry is whether Defendant is eligible for a sentence reduction. Here, both parties agree that he is eligible. (ECF Nos. 701, 707.) Amendment 782 to the Sentencing Guidelines revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to Defendant's drug trafficking conviction. Under Amendment 788, Amendment 782 applies retroactively to Defendant's sentence. Although Defendant was sentenced pursuant to an 11(c)(1) agreement, the Court explicitly considered the Sentencing Guidelines in sentencing him. (ECF No. 639 at 5.) Therefore, pursuant to the Ninth Circuit's decision in *Davis*, Defendant is eligible for a reduction under § 3582(c)(2). 825 F.3d at 1026. Defendant is now eligible to have his offense level re-calculated from 35 to 33. With an offense level of 33, criminal history category I, the Guidelines range applicable to Defendant is 135 to 168 months.

Turning now to the second step of the inquiry, the Court considers, in its discretion, whether a reduction under § 3582 is appropriate given the facts of this case. The Government argues that the Court should not grant Defendant a sentence reduction because he is still associated with a violent

4

1   gang, the Norteños, and has been found to be in possession of contraband while in custody.

2   Therefore, the Government argues, Defendant should not be released earlier than the time specified

3   in his plea agreement in the interest of public safety. (ECF Nos. 701 at 5-10, 717 at 2-4.)

4   Specifically, the Government points to the fact that Defendant was found in possession of a leafy

5   substance, which the Defendant later admitted was "spice" – or synthetic marijuana. (ECF No. 717

6   at 2, 8.) Defendant was also found in possession of paperwork which describes the history and belief

7   system of the Norteños. (*Id.*; ECF No. 701 at 14-24.)

8       Defendant counters that both alleged incidences of misconduct described by the Government

9   are "insufficiently established" and do not warrant denying Defendant the 21 month sentencing

10  reduction that he is eligible for under the law. (ECF No. 707 at 2.) Defendant notes that whether

11  "spice" is a controlled substance depends on the chemical makeup of the substance, and that the

12  Government has not provided sufficient information to determine whether the "spice" Defendant

13  was in possession of, which tested negative for marijuana, was in fact a controlled substance. (*Id.*at

14  1-2.) Defendant further argues that the Norteños paperwork that Defendant was in possession of was

15  nonsensical and did not encourage violence. (*Id.*; ECF No. 722 at 1-2.) As for Defendant's gang

16  affiliation, Defendant points out that he was associated with the gang at the time of his original

17  sentencing and that the Bureau of Prisons houses gang members together as a matter of policy. (ECF

18  No. 707 at 2.)

19      Having reviewed and considered Defendant's crime, the original PSR, the § 3553(a) factors,

20  public safety considerations, and Defendant's post-sentencing conduct, the Court reduces

21  Defendant's sentence from 156 months to 145 months. In doing so, the Court takes into account the

22  policy goals underlying Amendment 782, which favors a two-point reduction in the base offense

23  level for crimes involving drug quantities applicable in this case. *See* Amendment 782 ("The

24  purposes of the amendment are to reflect the Commission's determination that setting the base

25  offense levels above mandatory minimum penalties is no longer necessary and that a reduction

26  would be an appropriate step toward alleviating the overcapacity of the federal prisons"); s*ee also*

27  *United States v. Luna*, No. 1:95-CR-05036-AWI, 2015 WL 4599383, at *4 (E.D. Cal. July 29, 2015)

28  (noting that barring disqualifying facts, a qualifying defendant's sentence is to be adjusted in

accordance with the Guidelines amendment). The Court further notes that were Defendant sentenced for this crime in the first instance today, his sentence would likely reflect the amended Guidelines range. Therefore, the Court believes that a reduction is warranted.

However, due to Defendant's continued gang affiliation and disciplinary issues in prison, the Court does not believe that Defendant is deserving of the full potential benefit of the change in the law. Defendant initially received a below Guidelines sentence, which reflected the plea agreement as well as the Court's review of the § 3553(a) factors, including Defendant's light criminal history and the sentences of Defendant's co-defendants. (ECF No. 539 at 4:15-5:13.) However, the commentary accompanying USSG § 1B1.10 urges courts to consider defendants' post-sentencing conduct. Defendant does not contest the Government's assertion that Defendant continues to associate with the Norteños gang. (ECF Nos. 701 at 9, 707 at 2-3.) Defendant was in possession of gang literature. (ECF No. 701 at 15-24.) It is further undisputed that Defendant was found to be in possession of contraband. (ECF Nos 717 at 6-8, 722 at 1.) Prison records indicate that Defendant admitted that the substance found in his cell was "spice" – or synthetic marijuana – and that it belonged to him and not to his cellmate. (ECF No. 717 at 6-8.) Just as the Court cannot ignore the policy considerations underlying the change in the law, nor can the Court cannot ignore Defendant's post-sentencing transgressions. *See United States v. Lightfoot*, 626 F.3d 1092, 1095-96 (9th Cir. 2010) (court did not abuse its discretion in denying defendant's § 3582(c)(2) motion where his behavior in custody indicated that he was still a danger to the community); *United States v. Barragan*, 333 F. App'x 319 (9th Cir. 2009) (court did not abuse its discretion in denying defendants § 3582(c)(2) motion after considering the factors under § 3553(a)). Therefore, the Court finds it appropriate to re-sentence Defendant to a term between the 156 month sentence that he is currently serving, and the 135 month sentence that reflects the low end of the new Guidelines range. *United States v. Torres-Montalvo*, No. 2:95-CR-00070-JLL, 2015 WL 4570512, at *3-5 (D.N.J. July 27, 2015), *aff'd*, 644 F. App'x 195 (3d Cir. 2016) (courts have discretion to grant less of a reduction than the Guidelines permit). The Court therefore reduces Defendant's sentence to a term of 145 months.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.      CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Jonathan Omar Marin Mojarro's motion to reduce his sentence is **GRANTED**, pursuant to 18 U.S.C. § 3582(c)(2). Defendant is hereby re-sentenced to a term of 145 months imprisonment, a 60-month term of supervised release, and a $100 penalty assessment.

**IT IS FURTHER ORDERED** that all other terms and provisions of the original judgment remain in effect. The Clerk of Court is **DIRECTED** to prepare an amended judgment reflecting the above modification of sentence, and **SHALL** serve copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

**IT IS FINALLY ORDERED** that the Clerk of the Court **SHALL** close this case.

IT IS SO ORDERED.

Dated:   **December 13, 2016**              **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE